UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | | |
|---|---|---|
| M.K., | ) | Case No.: 12-CV-04652-LHK |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER GRANTING MOTION TO |
| | ) | TRANSFER VENUE |
| | ) | |
| VISA CIGNA NETWORK POS PLAN, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |

Plaintiff M.K. ("Plaintiff") brings suit against Defendant Visa Cigna Network POS Plan ("Defendant" or "Visa Cigna") for allegedly violating the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001 *et seq.*, by wrongfully denying Plaintiff's claims for medical services. *See* ECF No. 1, ¶ 30 ("Compl."). Before the Court is a Motion to Transfer Venue from the Northern District of California to the District of Utah filed by Defendant Visa Cigna. ECF No. 12 ("Mot. to Transfer"). The Court finds this matter appropriate for determination without oral argument and VACATES the hearing and Case Management Conference set for May 16, 2013. *See* Civil L.R. 7-1(b). Having reviewed the parties' submissions and the relevant law, the Court GRANTS Defendants' Motion to Transfer Venue.

## I.  BACKGROUND

Visa Cigna is an employee welfare benefit plan regulated by ERISA. Compl. ¶ 3.  Plaintiff, a minor, is a beneficiary of Visa Cigna by virtue of her father's employment with Visa, Inc. and his participation in the Visa Cigna plan.  Compl. ¶¶ 2, 4.  Plaintiff, her parents, and her siblings reside in American Fork, Utah.  Compl. ¶¶ 2, 8.

On June 7, 2011, Plaintiff was admitted to Avalon Hills, an adolescent residential eating disorder treatment facility in Utah.  Compl. ¶¶ 19-20.  Plaintiff remained in residential treatment at Avalon Hills from June 7, 2011, through her discharge on December 9, 2011.  Compl. ¶ 27.

On June 9, 2011, Visa Cigna denied Plaintiff's claim for benefits for her residential treatment at Avalon Hills because Visa Cigna believed that this residential treatment was "not medically necessary."  See Compl. ¶ 26; Def's Answer to Compl. ("Answer"), ECF No. 11, ¶ 26.  Plaintiff appealed this decision.  Compl. ¶ 28.  On December 20, 2011, Visa Cigna denied the appeal for the same reasons expressed in the original denial.  Compl. ¶ 28.

Plaintiff filed her Complaint in this judicial district on September 6, 2012. ECF No. 1. In her Complaint, Plaintiff contends that venue is proper in this judicial district pursuant to 29 U.S.C. § 1132(e)(2), because "Defendant is doing business in this judicial district, in that it covers participants residing and seeking health benefits in this judicial district."  Compl. ¶ 5.  Visa Cigna answered Plaintiff's Complaint on November 14, 2012.  ECF No. 11.  On January 14, 2013, Visa Cigna filed a Motion to Transfer Venue from the Northern District of California to the District of Utah.  See Mot. to Transfer.  Plaintiff filed an opposition to the motion, ECF No. 14. ("Opp'n"), to which Defendant filed a reply, ECF No. 15 ("Reply").

## II.  LEGAL STANDARD

Federal venue is governed by statute.  *See Bohara v. Backus Hosp. Medical Benefit Plan*, 390 F. Supp. 2d 957, 960 (C.D. Cal. 2005) (citing *Leroy v. Great Western United Corp.*, 443 U.S. 173, 181 (1979)).  ERISA's venue provisions permit a plaintiff to bring a federal action where: "(1) a plan is administered, or (2) a breach took place, or (3) a defendant resides or (4) a defendant may be found." *Varsic v. U.S. District Court for the Central District of California*, 607 F.2d 245, 248 (9th Cir. 1979) (citing 29 U.S.C. § 1132(e)(2)).  Through these provisions, "Congress intended to

2

give ERISA plaintiffs an expansive range of venue locations." *Bohara*, 390 F. Supp. 2d at 960 (citing *Varsic*, 607 F.2d at 248).

A motion to transfer venue from one district to another is governed by 28 U.S.C. § 1404(a). Section 1404(a) provides that: "[f]or the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). "Section 1404(a) reflects an increased desire to have federal civil suits tried in the federal system at the place called for in the particular case by considerations of convenience and justice." *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964). "[T]he purpose of the section is to prevent the waste 'of time, energy and money' and 'to protect litigants, witnesses and the public against unnecessary inconvenience and expense.'" *Id.* (quoting *Continental Grain Co. v. The F.B.L.-585*, 364 U.S. 19, 27 (1960)).

When determining whether a transfer is proper, a court must employ a two-step analysis. A court must first consider the threshold question of whether the case could have been brought in the forum to which the moving party seeks to transfer the case. *See Hoffman v. Blaski*, 363 U.S. 335, 344 (1960); *see also Hatch v. Reliance Ins. Co.*, 758 F.2d 409, 414 (9th Cir. 1985) ("In determining whether an action might have been brought in a district, the court looks to whether the action initially could have been commenced in that district.") (internal quotation marks and citations omitted). Once the party seeking transfer has made this showing, district courts have discretion to consider motions to change venue based on an "individualized, case-by-case consideration of convenience and fairness." *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988) (quoting *Van Dusen*, 376 U.S. at 622).

Pursuant to Section 1404(a), a Court should consider: (1) the convenience of the parties, (2) the convenience of the witnesses, and (3) the interest of justice. 28 U.S.C. § 1404(a). As the Ninth Circuit explained in *Jones v. GNC Franchising, Inc.*, 211 F.3d 495 (9th Cir. 2000), additional factors that a court may consider include:

> (1) the location where the relevant agreements were negotiated and executed, (2) the state that is most familiar with the governing law, (3) the plaintiff's choice of forum, (4) the respective parties' contacts with the forum, (5) the contacts relating to the plaintiff's cause of action in the chosen forum, (6) the differences in the costs of

3

Case No.: 12-CV-04652-LHK
ORDER GRANTING MOTION TO TRANSFER VENUE

litigation in the two forums, (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses, and (8) the ease of access to sources of proof.

*Id.* at 498-99. "No single factor is dispositive, and a district court has broad discretion to adjudicate motions for transfer on a case-by-case basis." *Ctr. for Biological Diversity v. Kempthorne*, No. 08-1339, 2008 WL 4543043, at *2 (N.D. Cal. Oct.10, 2008) (citing *Stewart Org., Inc.*, 487 U.S. at 29; *Sparling v. Hoffman Constr. Co., Inc.*, 864 F.2d 635, 639 (9th Cir. 1988)).

## III. ANALYSIS

Transfer under Section 1404(a) is only appropriate if the action could have been brought in the transferee venue. *See* 28 U.S.C. § 1404(a). Here, Plaintiff lives in Utah, the employer who offered the benefit plan is in Utah, the treatment at issue took place in Utah, and Defendant does business in Utah. *See* Mot. to Transfer at 1-3. Therefore, this action could have been brought in the District Court of Utah. *See* 29 U.S.C. § 1132(e)(2) (stating that an ERISA action "may be brought in the district where the plan is administered, where the breach took place, or where a defendant resides or may be found."). Accordingly, the Court must consider the convenience of the parties, the convenience of the witnesses, the interests of justice, and any relevant *Jones* factors in order to assess whether transfer is appropriate.

### A. Plaintiff's Choice of Forum and Convenience of Parties

Plaintiff opposes Visa Cigna's Motion to Transfer on the grounds that the Court should respect Plaintiff's choice of venue under ERISA's liberal venue rules. Generally, "a plaintiff's choice of forum is accorded great deference in ERISA cases." *Jacobson v. Hughes Aircraft Co.*, 105 F.3d 1288, 1302 (9th Cir. 1997), *opinion amended on denial of reh'g*, 128 F.3d 1305 (9th Cir. 1997), *rev'd on other grounds*, 525 U.S. 432 (1999). Plaintiff contends that her choice of forum is appropriate because: (1) the Plan sponsor is located in Foster City; (2) the Plan's agent for service of process is located in Foster City; (3) the Plan's legal department is located in Foster City; (3) the Plan's global head of human resources is located in Foster City; and (4) pursuant to the Plan's "ERISA Required Information," it identifies Foster City as the address of the Plan. Opp'n at 1.

Visa Cigna does not dispute that it has minimum contacts with this jurisdiction by virtue of the fact that VISA Inc.'s headquarters are located in Foster City. *See* Mot. to Transfer at 3; Reply

4

Case No.: 12-CV-04652-LHK
ORDER GRANTING MOTION TO TRANSFER VENUE

at 1. Rather, Visa Cigna contends that a Motion to Transfer is appropriate because "[t]he Northern District Court has no particular interest in the parties or the subject matter of this action." Mot. at 5; *see also* Reply at 1 (noting that, based on Plaintiff's argument, "any ERISA benefits litigation involving VISA, that arises anywhere in the United States, can be brought in the Northern District"). Specifically, Visa Cigna argues that there is no connection between the Northern District of California and the facts of Plaintiff's particular claim because Plaintiff is a resident of Utah, under coverage provided by a Utah employer, for the payment of services provided to a resident of Utah and performed in Utah. Reply at 1. Therefore, the convenience of the parties does not weigh in favor of maintaining this action in the Northern District of California.

"Where a plaintiff does not reside in the forum and the operative facts occurred outside the forum the Court may afford h[er] choice considerably less weight." *Guy v. Hartford Life Group Ins. Co.*, No. 11-3453, 2011 WL 5525965, at *2 (N.D. Cal. Nov. 14, 2011); *see also Lou v. Belzberg*, 834 F.2d 730, 739 (9th Cir. 1987) ("If the operative facts have not occurred within the forum and the forum has no interest in the parties or subject matter, [a plaintiff's] choice [of forum] is entitled to only minimal consideration."). Both of these factors apply to this case. In addition to Plaintiff's residence and numerous ties to Utah, Plaintiff alleges that certain key decisions regarding the denial of benefits occurred in various locations, all outside of the Northern District of California. For example, Plaintiff contends the "[t]he breach took place in the Central District of California when Defendant issued its denial to Plaintiff from its offices in Glendale, California." Opp'n at 5 (emphasis added). Plaintiff also contends that "[a] claim file was opened and maintained in Visalia," Opp'n at 7, which is in the Eastern District of California. Further, Plaintiff sent the appeal of the claim to Defendant at its Eden Prairie, Minnesota address. Opp'n at 2.

Given the lack of any significant connection between this district and Plaintiff's asserted claims, the Court affords Plaintiff's choice of forum minimal deference. *See Belzberg*, 834 F.2d at 739; *see also Ventress v. Japan Airlines*, 486 F.3d 1111, 1118 (9th Cir. 2007) (finding that transfer was appropriate where there was "no significant connection between [the forum] and the facts alleged in the complaint."). Moreover, Plaintiff identifies no reason why transferring this case to

5

Case No.: 12-CV-04652-LHK
ORDER GRANTING MOTION TO TRANSFER VENUE

the judicial district in which she resides and in which she sought treatment would prove overly burdensome.

### B. Convenience of Witnesses

Another factor which a court must consider in determining whether to grant a motion to transfer is the convenience of non-party witnesses. *See* 28 U.S.C. § 1404(a). Plaintiff contends that discovery in this case will be limited to the administrative record and to the qualifications of the Defendant's doctors, who are licensed in Arizona and Vermont. Opp'n at 3. Even assuming this to be true, none of the witnesses in this case reside in Northern California. *See* 28 U.S.C. § 1404(a). Moreover, should any discovery become necessary or witnesses need to be called, such discovery or witnesses will likely come from Utah since Avalon Hills is in Utah, Plaintiff and her family members are in Utah, and the treating physicians reside in Utah. Mot. at 5-6. Therefore, this factor is neutral, at best, and may even weigh in favor of granting the Motion to Transfer.

### C. Interest of Justice

Finally, the Court finds that the remaining factors favor transfer or are neutral. In evaluating the interest of justice, a court may consider "public interest factors such as court congestion, local interest in deciding local controversies, conflicts of laws, and burdening citizens in an unrelated forum with jury duty." *Decker Coal Co. v. Commonwealth Edison, Co.*, 805 F.2d 834, 843 (9th Cir. 1986) (citing *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 241 n.6 (1981)).

In this case, court congestion favors transferring. As of March 31, 2012, the Northern District of California has more than three times (6,100) the amount of pending cases as the District of Utah (1678). *See* United States Courts, Table C-1, U.S. District Courts—Civil Cases Commenced, Terminated, and Pending, During the 12-Month Periods Ending March 31, 2012, http://www.uscourts.gov/Viewer.aspx?doc=/uscourts/Statistics/FederalJudicialCaseloadStatistics/2012/tables/C01Mar12.pdf. Local interests also favor the case being heard in Utah. *See Decker Coal Co.*, 805 F.2d at 843 (emphasizing the "local interest in having localized controversies decided at home"). The dispute involves a Utah resident, a plan provided by a company in Utah, medical expenses incurred from treatment that took place in Utah, and performed by health care providers located in Utah. Any alleged harm occurred in Utah. Although the decisions to deny the

6

Case No.: 12-CV-04652-LHK
ORDER GRANTING MOTION TO TRANSFER VENUE

claim and subsequently the appeal of the decision were made outside of Utah, the claim pertained to a Utah citizen.  Therefore, Utah has more of an interest in this controversy than does the Northern District of California.

Finally, the concern regarding a conflict of laws is inapposite here because ERISA is a federal statute that is uniform across the United States.  Consequently, either forum is equally capable of hearing and deciding this case.  *See David v. Alphin*, No. 06-4763, 2007 WL 39400, at *5 (N.D. Cal. Jan. 4, 2007) ("This is an ERISA action which will be decided exclusively under federal law regardless of where it is heard.").

The Court finds that the balance of factors weigh in favor of transferring this case to the District Court of Utah.  While Plaintiff's choice of forum is entitled to deference, it must be weighed against all other considerations.  In this case, Plaintiff does not reside in the Northern District of California.  None of the facts giving rise to Plaintiff's claims occurred in the Northern District of California.  None of the witnesses reside in the Northern District of California.  Finally, the public interest factors generally weigh in favor of transfer.  *See* Mot. to Transfer at 1.  Thus, the Court finds that transferring this case to the District of Utah is in the interests of justice and convenience.

## IV.   CONCLUSION

Defendant's Motion to Transfer Venue is GRANTED.  This case is hereby TRANSFERRED to the District Court of Utah.

**IT IS SO ORDERED.**

Dated: March 14, 2013

*Lucy H. Koh*
LUCY H. KOH
United States District Judge

Case No.: 12-CV-04652-LHK
ORDER GRANTING MOTION TO TRANSFER VENUE

7